UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENEE HUNTER,<br><br>        Plaintiff,<br><br>v.<br><br>T-MOBILE,<br><br>        Defendant. | Civil Action No. 24-4128 (JXN) (AME)<br><br>**MEMORANDUM OPINION**<br><br>&<br><br>**ORDER** |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Jenee Hunter's ("Plaintiff") complaint (ECF No. 1) (the "Complaint"), and application to proceed *in forma pauperis* (ECF No. 1-2) (the "IFP Application"). For the reasons that follow, Plaintiff's IFP Application is **GRANTED**, and the Complaint is **DISMISSED** without prejudice.

    1.    Upon submission of the IFP Application, the Complaint is subject to a *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

    2.    The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). Rule 8 requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint is dismissed when it "is so confused,

1

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556 F. App'x at 92 (citation and internal quotations omitted).

3. Here, because the Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed. Plaintiff asserts a cause of action under "850 Securities/Commodities/Exchange" in the Civil Cover Sheet (ECF No. 1-1). Based on the face of the Complaint, the cause of action is deficient. Plaintiff alleges that he "advised T-mobile CFO Peter Osvaldik to apply principals balance to principals account each billing cycle, and it was never done." (Compl. ¶ 3(C)). Plaintiff also alleges that "Peter breached the contract and didn't perform his fiduciary duty." (*Ibid.*). Such allegations do not give rise to a securities action. Plaintiff's purported injuries of "[h]arship from having to work for cash" (*Id.* ¶ 4), similarly do not suggest a cognizable injury.

4. More importantly, it appears that the Court does not have subject matter jurisdiction. In alleging federal question jurisdiction only (*Id.* ¶ 2(A)), the Court considers whether such jurisdiction is apparent from the Complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (Federal question jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer.") (citation and internal quotations omitted). Indeed, Plaintiff "bears the burden of establishing subject matter jurisdiction." *Omar v. Mueller*, 501 F. Supp. 2d 636, 638 (D.N.J. 2007) (citation omitted).

5. Plaintiff cites 18 U.S.C. § 8, the "obligation of the United States," and 12 U.S.C. § 1431, "the [obligation of] banks [to] pay interest." (Compl. ¶ 2(B)). In addition to being definition statues, 18 U.S.C. § 8 is a criminal act that does not apply here. In other words, neither statute establishes federal question jurisdiction. *See Wilson v. Aqua Fin.*, No. 23-5348, 2023 WL 7924150, at *4 (D.S.C. Oct. 26, 2023). And consequently, the Complaint "contains no discernable

factual allegations or legal theories that could serve as a basis for recovery against defendants" and, therefore, is "insufficient to put defendants on notice as to the claims asserted against them or the basis for such claims . . . ." *Williams v. New Jersey*, No. 8-4620, 2009 WL 1606466, at *1 (D.N.J. June 5, 2009) (citation omitted). For all the foregoing reasons, it is hereby,

**ORDERED** that the IFP Application (ECF No. 1-2) is **GRANTED**; it is further

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED** without prejudice; it is further

**ORDERED** that Plaintiff may file an amended complaint within 14 days of this Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter.

DATED: March 26, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge